UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:16-00132

JOSE ALONSO MORALES

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered October 31, 2023, the court has instituted review of the defendant's sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline, with respect to criminal history.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for

those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors.  Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

By previous Order entered on February 2, 2024, this case was designated for standard consideration.

The court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office.  The court has also considered the Memoranda filed by the Government and defendant's counsel.

The defendant pled guilty to a single count information charging him with a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Conspiracy to Possess with Intent to Distribute Methamphetamine.  At the time of his original sentencing, the defendant had five criminal history points, three for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two

additional points are known as status point  The defendant, at the time of his original sentencing had a Total Offense Level of 43 and a Criminal History Category of III, which would produce a United States Sentencing Guideline range of life, except that the statutory maximum term of imprisonment for the offense of conviction is 240 months, by virtue of which the Guideline range is 240 months.  On February 8, 2017, the court imposed a sentence of 120 months of imprisonment and three years of supervised release.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score is now three, which yields a lower Criminal History Category of II.  The new criminal history category of II does not change the Guideline range of 240 months.

The defendant is ineligible for relief under Amendment 821 because the Amendment does not have the effect of lowering his guideline range.  U.S.S.G. §1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment ...is not authorized under 18 U.S.C. § 3582(c)(2) if ... [Amendment 821] does not have the effect of lowering the defendant's applicable guideline range."  Here, the defendant's guideline range of 240

months remains the same and the defendant is ineligible for a reduction.

Accordingly, it is ORDERED that relief pursuant to 18 U.S.C. §3582(c)(2) be, and it hereby is, DENIED, and the sentence imposed on February 8, 2017, and set forth in the Judgment Order entered on February 16, 2017, remains in effect.

The court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: April 12, 2024

John T. Copenhaver, Jr.
Senior United States District Judge